**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **Case No. 11-51759** |
| | ) | |
| **BRIAN LEE WILLIS** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| **ELITE INVESTORS, LLC (SERIES E)** | ) | |
| **as assignee of John L. Rocker** | ) | |
| | ) | |
| Plaintiff, | ) | **Adversary Proceeding** |
| **v.** | ) | |
| | ) | **Case No. 15-05433** |
| | ) | |
| **CATHY SCARVER, as Chapter 7** | ) | |
| **Trustee, and PARTNERSHIP** | ) | |
| **LIQUIDITY INVESTORS IV, LLC** | ) | |
| **and KEITH H. BROOKINGS, and** | ) | |
| **BRIAN LEE WILLIS** | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| **PARTNERSHIP LIQUIDITY** | ) | |
| **INVESTORS IV, LLC** | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ELITE INVESTORS, LLC (SERIES E)** | ) | |
| **and JOHN L. ROCKER** | ) | |
| | ) | |
| Counter-Defendants. | ) | |

_____

**ANSWER, COUNTERCLAIM, CROSS-CLAIM, AND THIRD PARTY COMPLAINT**

1

COMES NOW, Partnership Liquidity Investors IV, LLC, ("PLI") and herein files its Answer, Third Party Complaint, Cross-Complaint against Brian Willis, and Counterclaim against Counter-Defendants Elite Investors, LLC (Series E) ("Elite") and Counter-Defendant and Third Party Defendant, John Rocker, and alleges to this Court, on information and belief, as follows:

### First Defense

Plaintiff's claim fails to state a claim upon which relief can be granted under applicable law.

### Second Defense

Plaintiff's claims are barred as they are based on enforcement of an illegal contract and conspiracy. PLI alleges, on information and belief, that the purpose of the transfer agreement between Mr. Willis and Mr. Rocker and other related agreements was unlawful for the purpose of effecting an immoral or illegal purpose.

### Third Defense

Plaintiff's claims are barred by Plaintiff's fraud and concealment. PLI alleges, on information and belief, that the purpose of the illegal transfer agreement between Mr. Rocker and Mr. Willis a well as other agreements related thereto such as the purported assignment agreement from Mr. Rocker to Plaintiff, among other things, was to unlawfully conspire to commit fraud through secret agreements and inaccurate filings.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff steps in the shoes of John Rocker as his purported assignee and thus is estopped from asserting claims against PLI based upon Mr. Rocker's assurances that he does not own an interest in Spring Creek Apartments, LLC

2

("SCA") as well as the assurances of others who furthered the unlawful conspiracy to mislead and deceive.

### Fifth Defense

Plaintiff's claims are completely and/or partially barred by the doctrine of unclean hands.  PLI alleges, on information and belief, that Mr. Rocker's fraudulent and unlawful agreements should not be rewarded by permitting Plaintiff to recover on any of its claims against PLI.

### Sixth Defense

Plaintiff's claims are barred by the doctrine of laches.  Plaintiff alleges, on information and belief, that despite the fact that the illegal transfer agreement and related agreements constitute unlawful agreements that were purportedly entered into, and Plaintiff purportedly obtained an assignment of Mr. Rocker's non-existent interest in SCA in 2011, Plaintiff totally failed to timely pursue its alleged rights and remedies causing prejudice to PLI.

### Seventh Defense

Plaintiff's claims are barred by the doctrine of waiver.  By reason of Mr. Rocker's acts and Plaintiff's purported assignment of Mr. Rocker's non-existent interest in SCA, Plaintiff's claims are barred.

### Eighth Defense

Plaintiff's claims are barred for lack of standing.  PLI alleges, on information and belief, that Plaintiff does not have standing in that Mr. Rocker's purported assignment of his interest in SCA is invalid under the relevant operating agreements and applicable law.

3

### Ninth Defense

Plaintiff's claims are barred as it is not the real party in interest.  PLI alleges, on information and

belief, that Mr. Rocker's assignment of any interest in the SCA is invalid for failure to comply

with the operating agreements, rules, and law.  Additionally, PLI also alleges that Mr. Rocker's

purported assignment of his alleged interest in the SCA was further invalid in that Mr. Rocker

never assigned any purported "personal property" interest in SCA to Elite based upon Paragraph

3 of Schedule A of his defective assignment that is attached to Plaintiff's complaint in this

matter, nor did he have any "real property" interest in SCA to assign and thus Plaintiff is not the

real party in interest.  As such, Plaintiff's claims are barred.

### Tenth Defense

Plaintiff's claims are barred pursuant to 11 U.S.C. §544 as its standing is based on a fraudulent

transfer from a secret and immoral lien that is unenforceable.

### Eleventh Defense

Plaintiff's claims are barred by the defense of assumption of risk.  PLI alleges, on information

and belief, that Plaintiff assumed that its purported assignment of Mr. Rocker's interest was

invalid and non-existent and thus Plaintiff steps in the shoes of Mr. Rocker as his assignee.  PLI

alleges, on information and belief, that Mr. Rocker assumed the risk that the unlawful

agreements and assignment would not and should not be enforced.

### Twelfth Defense

Plaintiff's claims are barred on the grounds that rewarding Mr. Rocker for his illegal and

clandestine agreement, and Plaintiff's purported assignment thereof, is unenforceable based upon

public policy.

4

**Thirteenth Defense**

Plaintiff's claims are barred on the grounds that Mr. Rocker's assignment of his purported

interest in SCA is invalid and unenforceable under the operating agreement and applicable law.

Moreover, PLI alleges, on information and belief, that Mr. Rocker never assigned his "personal

property" interest (aka membership interest) in SCA.  Rather, Mr. Rocker purportedly assigned

his "real property" interest in the real property located at 800 Spring Creek Boulevard,

Crestview, Florida ("Property") that is owned by SCA, not Mr. Rocker.  PLI alleges that Mr.

Rocker has never owned an interest in the "real property" owned by SCA, and accordingly the

purported assignment from Mr. Rocker to Plaintiff in SCA is invalid and baseless.

**Fourteenth Defense**

Plaintiff's claims are barred on the grounds that Plaintiff and Mr. Rocker ratified the actions in

connection with the transactions that are the subject of the complaint in furtherance of a

conspiracy.

**RESPONSE TO COMPLAINT**

Defendant PLI responds to the enumerated allegations set forth in Plaintiff's Complaint as

follows:

1. Admitted.

2. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

3. Denied.

4. Admitted.

5

5.  Admitted except as to the claim asserted by PLI.  In further response, PLI shows that it asserts a forty percent (40%) economic interest in SCA by virtue of, among other things, the Order approving a sale and trustee's deed conveying the Trustee's interest.

6.  PLI has insufficient information to form a belief as to the facts asserted in this allegation.

7.  PLI has insufficient information to form a belief as to the facts asserted in this allegation.

8.  PLI admits that this Court has jurisdiction under 28 U.S.C. §1334.  PLI denies that Count I of Plaintiff's Complaint is core claim and admits that Count II of Plaintiff's Complaint is core claim.

9.  Admitted.

10. PLI admits that SCA is a Florida Limited Liability Company.  PLI has insufficient information to form a belief as to any other facts asserted in this allegation.

11. Admitted.

12. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

13. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

14. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

15. Denied.

16. Denied.

17. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

18. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

19. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

20. Denied.  PLI alleges that the subject purported transfer agreement between Mr. Rocker and Mr. Willis provides that "Mr. Rocker will transfer to Willis 21.25% ownership

interest in Spring Creek Apartments, LLC for the sum of $10.00 and other good and valuable services."

21. Denied.  PLI alleges that the secret and illegal transfer agreement between Mr. Rocker and Mr. Willis does <u>not</u> provide that Mr. Willis is required to "hold the Rocker Membership Interest only for so long as necessary to comply with the Wells Fargo underwriting requirements for the FHA loan." Further, PLI alleges that the secret and illegal transfer agreement did not provide for a transfer of any interest in SCA to Mr. Rocker "upon repayment of the FHA loan" or for any condition for that matter. Otherwise, such allegations are denied.

22. Denied.  PLI alleges that the secret and illegal transfer agreement only provided that "Rocker will retain all voting rights, decision making rights and distribution rights . . ." and "…during the period of time Willis is in possession of Rockers 21.25% interest . . ." PLI alleges that the bankruptcy estate of Brian Lee Willis assumed any ownership interest in SCA including the Rocker Membership Interest upon the filing of the Willis bankruptcy petition on January 21, 2011.

23. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

24. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

25. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

26. PLI has insufficient information to form a belief as to the facts asserted in this allegation. In further response, PLI shows that even assuming arguendo that the Rocker Trust Agreement was valid, Rocker lacked sufficient title or control to transfer any interest to Plaintiff.  In addition, Paul D'Agnese, Manager of Plaintiff, certified under oath each year

7

in Plaintiff's Annual Report that Rocker was not a Manager of Plaintiff, despite the

Rocker Trust Agreement stating the contrary.

27. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

*28.* Denied.  The 2011 K-1 was amended only after the Trustee filed her *Motion for*

*Authorization for Private Sale of Certain Personal Property Free and Clear of Liens and*

*Other Interest, Including Bidding Procedures (Case Dkt. 169).*

29. Denied.  The 2012 K-1 was amended only after the Trustee filed her *Motion for*

*Authorization for Private Sale of Certain Personal Property Free and Clear of Liens and*

*Other Interest, Including Bidding Procedures (Case Dkt. 169).*

30. Denied.  The 2013 K-1 was amended only after the Trustee filed her *Motion for*

*Authorization for Private Sale of Certain Personal Property Free and Clear of Liens and*

*Other Interest, Including Bidding Procedures (Case Dkt. 169).*

31. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

32. PLI has insufficient information to form a belief as to the facts asserted in this allegation.

33. Denied.

34. Admitted.

35. Admitted.

36. PLI admits, without acknowledging that he had standing to do so, that Rocker filed an

objection as alleged.

**Count I**

37. PLI incorporates its response to paragraphs 1-36 above as if fully set forth herein.

8

38. Without admitting to its ability to bring such an action, PLI admits the allegations in paragraph 38.

39. Denied.

40. PLI denies that this claim is a core matter, but admits that this Court has jurisdiction over this matter.

41. PLI admits only that the adversary proceeding appears to assert that Elite claims a 20% interest to the property located at 800 Spring Creek Boulevard, Crestview, Florida 32536 that Elite claims was assigned from Rocker, but denies any other allegation that may be derived from this paragraph.

42. Denied.

43. Denied.

## Count II

44. PLI incorporates its response to paragraphs 1-43 above as if fully set forth herein.

45. Denied.

46. Denied.

47. PLI admits only that Elite appears to seek relief, but denies that it is entitled to any such relief, and otherwise denies any other allegation that may be derived from this paragraph.

## Count III

48. PLI incorporates its response to paragraphs 1-47 above as if fully set forth herein.

49. PLI admits that Plaintiff has generally set forth an accurate statement of the elements the Court is to analyze when considering a motion for preliminary injunction.  PLI further responds by showing that the Court has considered and denied Plaintiff's motion.

9

50. Denied.  PLI further responds by showing that the Court has considered and denied Plaintiff's motion.

51. Denied.  PLI further responds by showing that the Court has considered and denied Plaintiff's motion.

52. Denied.  PLI further responds by showing that the Court has considered and denied Plaintiff's motion.

53. Denied.

54. Any allegation in Plaintiff's Complaint not specifically admitted is hereby denied.

      **WHEREFORE**, Partnership Liquidity Investors IV, LLC prays that Plaintiff's Complaint be dismissed with all costs taxed to the Plaintiff, for such other and further relief deemed necessary and just, **AND FOR A TRIAL BY JURY AS TO THOSE CLAIM TO WHICH PLI IS SO ENTITLED.**

_____

### COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT

_____

1. Plaintiff, having filed the instant action, has submitted itself to the jurisdiction of this Court, and jurisdiction and venue are proper.

2. Pursuant to F.R.C.P. §14, incorporated by F.R.B.P. §7014, PLI may assert any claims against any party so long as the claims arising out of the transaction or occurrence that is the subject matter of the complaint against it.

10

3.  Rocker resides at 1223 Manor Oaks Court, Dunwoody, Georgia 30338, has filed an
    Objection in the underlying bankruptcy case, and is subject to personal jurisdiction of,
    and venue in, this Court.

4.  Rocker may be served with a Summons and Complaint via regular mail at the address
    listed above, or by serving his counsel of record, Ward Stone, Jr. at 577 Mulberry Street,
    Suite 800, Macon, Georgia 31201.

### GENERAL FACTUAL ALLEGATIONS

### Mr. Rocker's Illegal and Concealed Transfer Agreement and Related Agreements Pertaining to SCA Intended to Serve the Illegal Purpose of Fraudulently Circumventing Required Loan Conditions and Other Laws.

5.  Upon information and belief, Rocker was an initial member of SCA.

6.  Upon information and belief, in or around 2009, SCA sought to obtain a Federal Housing
    Administration ("FHA") loan through Wells Fargo Bank ("Wells Fargo") to use to
    construct apartments located at 800 Spring Creek Boulevard, Crestview, Florida 32536
    ("Property").

7.  Upon information and belief, a condition of the FHA loan was that Mr. Rocker was in no
    way associated with SCA and/or a member of SCA.

8.  Counter-Defendant Mr. Willis, as the Managing Member of SCA, executed loan
    application documents as part of a malicious and deceitful conspiracy with Mr. Rocker,
    in which he swore under oath that Mr. Rocker was disassociated from SCA, no longer a
    member of SCA, and had no management, control, or distribution rights of SCA.

11

9. Pursuant to 18 U.S.C. §1014, it is a federal crime for a party to an FHA backed loan to make a false statement for the purpose of duping and deceiving the FHA, lenders and others.

10. Plaintiff alleges, on information and belief, that in various pleadings in this case and in Willis' underlying bankruptcy that rather than removing Mr. Rocker from SCA as represented to the FHA and Wells Fargo, they egregiously and unlawfully conspired to allow Mr. Rocker to purportedly maintain an unenforceable and non-existent interest in SCA as an unlawful cloak-and-dagger owner.

**Mr. Rocker Conceals and Fraudulently Represents that He Didn't Own Any Interest in SCA in 2009 and Subsequent Years Even Though He and Plaintiff, as a Purported Assignee Now Unlawfully Claim Mr. Rocker Was An Owner**

11. Upon information and belief, Wells Fargo, as the lender, was entitled to copies of the borrower's tax returns, financial statements, audits, and ownership documents, such as operating agreements and amendments thereto.

12. Upon information and belief, PLI alleges that, Mr. Willis, as the Managing Member, instructed Tax Matters Partner Douglas Johnson to execute the tax returns for the years 2011-2013 that identified Mr. Willis as a member holding forty percent (40%) of the interest in SCA.

13. Pursuant to 26 U.S.C. §7206, it is a federal crime to commit fraud and make false statements in a tax return, and this Court should not should reward a party, or his assignee, for engaging in criminal acts.

12

14. Upon information and belief, prior to the Trustee moving to sell Mr. Willis' interest, Mr. Willis never represented to the Internal Revenue Services ("IRS") and other state and federal tax authorities, that Mr. Willis was a purported trustee holding Mr. Rocker's interest in SCA because that information, among other things, would then have been available to Wells Fargo and the FHA to review and discover non-compliance, which would have prevented the loan from being approved as well as constituted a default under the loan agreement causing a possible foreclosure.

15. Upon information and belief, prior to the Trustee moving to sell Mr. Willis' interest, Mr. Rocker never represented to the IRS and other state and federal tax authorities that he was the beneficial owner of the interest that he purportedly transferred to Mr. Willis.

16. Upon information and belief, PLI alleges that Mr. Rocker's purported assignment of any interest in SCA to Plaintiff is utterly invalid and of no affect for multiple reasons, including, but not limited to, the fact that it is the product of fraud, violated the applicable operating agreements on assignments, and is defective on its face.

**After Years of Representing to the Government, Members of SCA, Lenders and Others that Mr. Rocker Was Not a Member of SCA after 2009, SCA's Tax Returns Were Improperly and Suspiciously Amended As An Apparent Attempt to further Mr. Rocker's, Mr. Willis' and, Plaintiff's Illegal Conspiracy**

17. Upon information and belief, PLI alleges that Only after the Trustee moved to sell Mr. Willis' interest did SCA suspiciously and improperly amend its tax returns as part of an effort to defraud the trustee of the value of Mr. Willis' 40% interest, compromise the

13

marketability of the bankruptcy estate, and to unlawfully usurp an interest in SCA for the benefit of Plaintiff and Mr. Rocker.

## COUNT ONE

## DECLARATORY JUDGMENT AGAINST MR. ROCKER, MR. WILLIS, AND PLAINTIFF

18. PLI incorporates paragraphs 1-17 above as if fully set forth herein.

19. By virtue of the allegations set forth above, the intent and subject of the purported unlawful transfer agreement between Mr. Rocker and Mr. Willis is the product of Mr. Rocker's illegality and Plaintiff's purportedly and unlawfully assigned benefits therefrom, and the provisions in furtherance of the illegalities should be avoided such that Mr. Willis was at the time of his bankruptcy filing, was the owner of a 40% interest in SCA and that Mr. Rocker and/or his purported assignee, Plaintiff, did not own any ownership interest in SCA.  PLI further alleges, on information and belief, that Mr. Rocker and/or Mr. Willis, represented to the FHA, Wells Fargo, applicable federal and state tax authorities, and others that Mr. Rocker did not own any interest in SCA.

20. PLI seeks a declaratory judgment and decree finding that Mr. Willis was the owner of a 40% interest in SCA at the time of Mr. Willis' bankruptcy filing, and that as the purchaser of Mr. Willis' economic from the Trustee, that PLI owns the forty percent (40%) that was previously represented, without any claim thereto from another, including Plaintiff and/or Mr. Rocker.

14

## COUNT TWO

**FRAUDULENT TRANSFER AGAINST MR. ROCKER, MR. WILLIS, AND PLAINTIFF**

21. PLI incorporates paragraphs 1-20 above as if fully set forth herein.

22. PLI alleges, on information and belief, that, to the extent Mr. Willis transferred any
interest in SCA, legal or equitable, to any party after the filing of his bankruptcy petition,
such transfer was made is a sham, is of no force and effect, and was made for the purpose
of avoiding creditors and further for the purpose of secreting assets from the Trustee for
the unlawful benefit of Mr. Rocker, and/or Plaintiff as Mr. Rocker's purported assignee.

23. PLI is informed and believes that Mr. Willis' purported transfer to Mr. Rocker and/or
subsequent alleged assigned to Plaintiff as Mr. Rocker's purported assignee, or any secret
transfer to Mr. Rocker so he could transfer the interest to Plaintiff constitutes a fraudulent
transfer subject to avoidance.

24. Based upon the foregoing, any such transfers should be avoided pursuant to O.C.G.A.
§18-2-70 et seq., and 11 U.S.C. §548 in favor of the Trustee, and determined to have
been included in the sale of the Trustee's interest to PLI.

25. As a result of the allegations set forth above, any interest that has inured to Mr. Rocker or
Plaintiff should be the subject of a constructive trust in favor of PLI.

## COUNT THREE

**CONSPIRACY AGAINST MR. ROCKER, MR. WILLIS, AND PLAINTIFF**

26. PLI incorporates paragraphs 1-25 above as if fully set forth herein.

15

27. Mr. Willis, Mr. Rocker, and Plaintiff have conspired to fraudulently transfer the interest
Mr. Willis purportedly acquired from Mr. Rocker for the purpose of depriving the
Trustee, and now PLI, of the interest.

28. Any interest that Elite manipulated and derived from the conspiracy, and should be
avoided and subject to a constructive trust in favor of PLI.

## COUNT FOUR

### AVOIDANCE OF SECRET TRUST AGAINST PLAINTIFF AND MR. ROCKER

29. PLI incorporates paragraphs 1-28 above as if fully set forth herein.

30. The alleged "Rocker Trust" that Plaintiff claims forms the basis of its complaint in this
action against PLI constitutes a secret lien that is avoidable subject to the Trustee's
"strong arm" powers pursuant to 11 U.S.C. §544.

31. PLI's economic interest in SCA was sold free and clear of all liens.

32. Because the alleged "Rocker Trust" was a secret lien, it is avoidable under 11 U.S.C.
§546 and 11 U.S.C. §550, and should be so avoided resulting in a constructive trust in
favor of PLI.

## COUNT FIVE

### ATTORNEYS' FEES AGAINST PLAINTIFF, MR. WILLIS AND MR. ROCKER

33. PLI incorporates paragraphs 1-32 above as if fully set forth herein.

34. Plaintiff, Mr. Willis and Mr. Rocker have acted in bad faith and have caused PLI
unnecessary trouble and expense in the form of attorney's fees and costs.

35. As a consequence of the allegations set forth above, PLI is entitled to recover its
attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

16

**COUNT SIX**

**EQUITABLE RELIEF AGAINST BRIAN WILLIS AS MANAGING MEMBER OF SCA,**

**PLAINTIFF AND MR. ROCKER**

36. PLI incorporates paragraphs 1-35 above as if fully set forth herein.

37. As the Managing Member of SCA, Mr. Willis owes a fiduciary duty to PLI.  Moreover, Mr. Rocker and Plaintiff should be prevented from misusing and/or misappropriating funds from SCA for the purpose of funding Plaintiff's lawsuit in this action.

38. Upon information and belief, and to the extent that Mr. Willis, Plaintiff, and/or Mr. Rocker is so unlawfully directing SCA to misuse its assets to fund litigation against PLI for the purpose of manipulating Mr. Rocker's and/or Plaintiff's purported interest in SCA, such conduct constitutes waste, mismanagement, and abuse that warrants the recovery of damages by PLI and other remedies.

39. PLI alleges, on information and belief, that Mr. Willis, should be restrained, during the course of this action, and otherwise, from using or directing SCA's assets for the purpose of trying to "protect" Mr. Rocker or Plaintiff's fatally defective and purported interest in SCA and/or the subject property.

**COUNT SEVEN**

**DECLARATORY JUDGMENT AGAINST MR. ROCKER AND PLAINTIFF**

40. PLI incorporates paragraphs 1-39 above as if fully set forth herein.

41. By virtue of the allegations set forth above, PLI alleges, on information and belief, that the assignment between Mr. Rocker and Plaintiff is invalid in that Mr. Rocker had no interest to assign, Mr. Rocker did not even assign any "personal property" interest in

17

SCA to Plaintiff pursuant to the terms of the purported assignment, and Plaintiff did not

obtain necessary approvals from the members of SCA to effectuate the purported

assignment from Mr. Rocker to SCA.

42. PLI seeks a declaratory judgment and decree finding that Mr. Rocker's assignment of his

purported interest in SCA and/or the property that is owned by SCA is invalid and

unenforceable.

## COUNT EIGHT

## INDEMNITY AGAINST MR. ROCKER

43. PLI incorporates paragraphs 1-42 above as if fully set forth herein.

44. By virtue of the allegations set forth above, PLI alleges, on information and belief, that

PLI is entitled to full and/or partial indemnity from Mr. Rocker given his wrongful and

illegal acts that have damaged PLI that have resulted from a third party claim by Plaintiff

in this action causing PLI to incur attorney's fees and costs to defend against Plaintiff's

complaint in this action

45. PLI seeks a declaratory judgment and decree finding that Mr. Rocker is required to

defend and indemnify PLI in this action due to his wrongful conduct.

## COUNT NINE

## ACCOUNTING AND INSPECTION OF RECORDS AGAINST MR. ROCKER,

## PLAINTIFF, AND MR. WILLIS

46. PLI incorporates paragraphs 1-45 above as if fully set forth herein.

47. By virtue of the allegations set forth above, PLI alleges, on information and belief, that it

is entitled to an accounting from Mr. Willis, Plaintiff and Mr. Rocker pertaining to Mr.

18

Rocker's purported ownership interest in SCA, purported assignments pertaining to Mr. Rocker's secret interest in SCA that was purportedly assigned to Plaintiff, management and administration of SCA, operations of SCA.

48. PLI seeks an order from this Court that PLI is entitled to an accounting from Mr. Willis, Plaintiff and Mr. Rocker pertaining to Mr. Rocker's purported ownership interest in SCA, purported assignments pertaining to Mr. Rocker's secret interest in SCA that was purportedly assigned to Plaintiff, management and administration of SCA, operations of SCA.

**WHEREFORE**, PLI prays for a judgment as follows:

(A) A declaration that PLI is the owner of Willis' interest, and;

(B) That Willis' interest as conveyed to PLI from the Trustee included whatever interest may have previously been held or owned by Mr. Rocker, Plaintiff, or any other person or party has no rights, interest or liens in and upon PLI's 40% interest in SCA.

(C) That any transfers from Mr. Willis to Mr. Rocker pertaining to any interest in SCA, or any transfer from Mr. Rocker to Elite pertaining to any purported interest in SCA and/or the subject property owned by SCA, are avoidable and are avoided, and;

(D) A constructive trust as necessary, and;

(E) For attorney's fees and expenses of litigation, and;

(F) Equitable and injunctive relief against Mr. Willis, Mr. Rocker and Plaintiffs as pleaded to prevent misuse of SCA's funds, and;

(G) A declaration that the purported assignment of Mr. Rocker's interest in SCA, if any, to Plaintiff is invalid and unenforceable, and;

19

(H)  Mr. Rocker is required to defend and indemnify PLI for any attorney's fees and costs incurred in this action to defend against Plaintiff's claims, and;

(I)  PLI seeks an order from this Court that PLI is entitled to an accounting from Mr. Willis, Plaintiff and Mr. Rocker pertaining to Mr. Rocker's purported ownership interest in SCA, purported assignments pertaining to Mr. Rocker's secret interest in SCA that was purportedly assigned to Plaintiff, management and administration of SCA, operations of SCA, and;

(J)  Such other and further relief deemed necessary and just by this Court, and;

**(K) FOR A TRIAL BY JURY AS TO ANY CLAIM TO WHICH PLI IS ENTITLED**

This the 22nd day of December, 2015.

/s/ Ryan L. Isenberg
Attorney for Partnership Liquidity Investors IV, LLC
Georgia Bar No. 384899
Isenberg & Hewitt, P.C.
7000 Peachtree Dunwoody Road
Building 15, Suite 100
Atlanta, Georgia 30328
770-351-4400 (Voice)
ryan@isenberg-hewitt.com

20

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing Answer, Counterclaim, Third Party

Complaint, and Cross Claim has been filed using the CM\ECF system, which will notify the

following:

| | |
|---|---|
| Ward Stone, Jr.<br>David L. Bury, Jr.<br>Thomas T. McClendon<br>Stone & Baxter, LLP<br>Fickling & Co. Building, Suite 800<br>577 Mulberry Street<br>Macon, Georgia 31201<br>Attorney for Plaintiff | Russell Patterson<br>Ragsdale, Beals, Seigler, Patterson & Gray, LLP<br>229 Peachtree Street, NE, Suite 2400<br>Atlanta, Georgia 30303<br>Attorney for Cathy Scarver, as Chapter 7 Trustee |

/s/ Ryan Isenberg

21