**IT IS ORDERED as set forth below:**



**Date: April 22, 2016**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 11-51759-JRS |
| Brian Lee Willis | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Elite Investors, LLC (Series E), | ) | Case No.: 15-5433-JRS |
| as assignee of John L. Rocker, | ) | |
| | ) | Adversary Proceeding |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cathy L. Scarver, as Chapter 7 Trustee | ) | |
| for the estate of Brian Lee Willis | ) | |
| Partnership Liquidity Investors IV, LLC | ) | |
| Keith H. Brookings, and Brian Lee Willis, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the Trustee's Motion to dismiss herself as a defendant in this adversary proceeding and her memorandum in support thereof filed on February 3, 2016

(the "Motion"). [Docs. 29 and 30]. Elite Investors, LLC (Series E) ("Elite"), the Plaintiff in this case, filed a response to the Motion on February 29, 2016. [Doc. 42]. The Motion came on for hearing on March 8, 2016 at which time the Court heard the arguments of counsel.[1] The Court has also considered all other matters of record in this adversary proceeding and in the main bankruptcy case.

Brian Willis filed a Chapter 7 petition on January 21, 2011. At the time of the filing of his case, Willis disclosed a 19.5% membership interest in the Spring Creek Apartments, LLC, a Florida limited liability company (the "LLC") which owned an apartment complex in Florida. In the course of discovery and investigation, the Trustee discovered that this interest could be as much as 40%, but any amount in excess of the 19.5% was disputed by the LLC and the other members of the LLC, with the primary issue being whether the disputed portion (the "Disputed Interest") in the LLC was owned by Willis or John Rocker, an individual who otherwise would not be a member of the LLC if Willis owned a 40% interest.

In the main bankruptcy case, the Trustee filed a motion to sell any and all economic interest she had in the LLC, whether it be 19.5% or 40% or some number in between, without representations or warranties, to Partnership Liquidity Investors IV, LLC ("PLI") for $450,000, subject to higher or better offer. The LLC and Rocker objected to the sale, claiming this Court could not sell Rocker's interest in the LLC or that this Court should first determine what the interest was that the Trustee held in the LLC before she could sell it.

---

[1] The Motion to dismiss was filed on February 3, 2016. On February 29, 2016, Elite filed a motion to amend its complaint to add a claim for slander of title against both PLI and the Trustee (the "Motion to Amend"). [Doc. 41]. The response time for the Motion to Amend had not yet run at the time of the March 8, 2016 hearing. Therefore, the Court did not consider the Motion to Amend at the hearing, and it is not the subject of this Order. The Court will address the Motion to Amend in a separate order.

In response to the first objection, the Trustee contended she was not selling any interest Rocker may have in the LLC, only any and all of the economic interest Willis may have in the LLC. The Court agreed that the Trustee could not sell any interest Rocker held in the LLC, but found that the terms of the sale did not provide for the sale of any interest Rocker may have in the LLC, only the economic interest of Willis, whatever that interest may be. If Willis had a 40% interest, that is what the purchaser would be acquiring. If he only had a 19.5% interest, that is all the purchaser would be acquiring because that is all the Trustee would have had to convey. Either way, it was the purchaser who was knowingly taking the risk associated with the amount of the economic interest Willis held in the LLC, and the Trustee would be getting the same purchase price regardless of the extent of the interest in exchange for the purchaser assuming the risk, delay and the costs of litigation that may be associated with determining the amount of the interest.

The second objection was related to the first. Rocker contended that the Court should first determine the extent of the interest before approving a sale. The Trustee did not prefer that approach because the litigation could be protracted, thereby delaying the administration of the estate which was otherwise ready to proceed to distribution and closure, and the estate would have to bear the costs of the litigation, both of which would be detrimental to the creditors. The Court agreed with the Trustee that it was in the best interests of the estate and its creditors to approve the sale and shift the risk, delay and costs of litigation onto the purchaser. The Court did not see any detriment to Rocker by proceeding this way because the manner in which the dispute would be determined would be the same from a practical standpoint. The consequence of proceeding with a sale before determining whether the estate held a 19.5% interest or a 40% interest in the LLC appeared to come down to whether Rocker would litigate the issue against

3

the Trustee or the purchaser of Willis' interest, not whether the issue would or would not have to be litigated.

Consequently, the Court approved an auction of the estate's economic interest in the LLC, whatever it may be, and made it clear on the record and in the Order that the estate was not selling any interest Rocker may have in the LLC, that the Court was making no findings in that regard, and that the sale was without prejudice to any rights or defenses Rocker may have in any litigation against a purchaser. [Case No. 11-51759, Doc. 188]. PLI clearly understood the terms of the auction, what was and was not being sold, and what risks it would undertake if it was the successful purchaser at the auction. The auction was scheduled for November 18, 2015.

On November 12, 2015, this adversary proceeding was commenced. Sometime prior to its filing, Rocker assigned whatever interest he had in the LLC to Elite, the Plaintiff herein. A motion for a preliminary injunction was also filed by Elite, a request for an emergency hearing on the Motion was granted and the hearing was scheduled to be held after the auction, but before the Court consider the approval of the highest and best bid from the auction on November 18, 2015.

An auction was held on November 18, 2015 for the estate's economic interest in the LLC. After competitive bidding, PLI was the successful bidder with a bid of $605,000. The Court denied the request for a preliminary injunction at the hearing and entered an Order to that effect on November 25, 2015. [Doc. 12]. An Order was also entered approving the sale to PLI on November 25, 2015. The Trustee filed a Report of Sale on December 8, 2015 showing that the sale to PLI closed on November 27, 2015. [Case No. 11-51759, Doc. 190].

4

It was the Court's understanding and intention when it approved the sale to PLI, that PLI and Elite would be the parties to any court proceeding to determine whether the estate's economic interest in the LLC was 19.5% or 40%, that the Trustee would no longer need to be involved because she had transferred all of her economic interest in the LLC to PLI such that PLI now held whatever rights the Trustee had, and that PLI, and not the Trustee, would bear the cost, risk and delay in any such litigation.

The Trustee seeks to be dismissed from the Complaint because she contends this dispute is between PLI and Elite and that neither she nor the estate are necessary parties for this matter to be adjudicated. PLI does not oppose the Trustee's request, but Elite does.  First, Elite is concerned that  it could be prejudiced if the Trustee is dismissed as a party, particularly if this Court were to either abstain or determine that it did not have jurisdiction to hear this matter, because another court could view the dismissal of the trustee as validating the sale of the Disputed Interest to PLI.  Second, Elite is concerned that if the Trustee is not a party to the proceeding and it is successful, it may need the Trustee to take further action, but the bankruptcy case would be closed by then.

With respect to the first concern, this Court made it clear in its order approving the sale of the estate's economic interest in the LLC to PLI that it was making no finding with respect to whether the bankruptcy estate held a 19.5% or 40% interest in the LLC and that the order approving the sale was without prejudice to any of the parties' rights and defenses in that regard. The Court will reaffirm that position again and clearly state that although the Court approved a sale of the estate's entire economic interest in the LLC, whatever that interest may be, that sale was without warranties and representations as to what that interest was and no finding of fact or conclusion of law was made with respect to the extent of the interest the Trustee was assigning to

5

PLI. Therefore, if it is subsequently determined that this Court does not have jurisdiction to consider this matter or enter a final judgment on this matter, the record is clear to any other Court that may consider it that the order approving the sale did not imply, directly or indirectly, nor did the Court find, either that Elite did not own the Disputed Interest or that the Trustee had the authority to sell the Disputed Interest.[2]

With respect to the second concern, if the result of this proceeding is that it is necessary for the Trustee to take some action, the Court can re-open the case and enter whatever order may be appropriate to protect Elite or any other party.

In conclusion, the Trustee sold whatever economic rights she had in the LLC and those rights and interests, whatever they may be, were purchased by PLI. If the LLC, PLI and Elite dispute what the economic interest is that PLI holds in the LLC, those parties can litigate that dispute without the necessity of the Trustee being a party.

Accordingly, it is hereby

ORDERED that the Trustee's Motion to Dismiss is GRANTED and the Trustee is DISMISSED as a party to the counts set forth in the Complaint. It is

---

[2] It does not appear that Elite and PLI dispute this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. (Compl. ¶ 8; PLI's Ans. ¶ 8). Indeed, this Court does have subject matter jurisdiction over this matter. Pursuant to 28 U.S.C. § 1334, U.S. district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In this district, the district court has referred these matters to the bankruptcy judges for the district. *See* N.D. Ga. R. 83.7A. This matter is, at the very least, related to the bankruptcy case since it was filed prior to the Trustee selling the estate's economic interest in the LLC and deals directly with what interest in the LLC the estate had that the Trustee actually sold to PLI.

FURTHER ORDERED that this Order does not affect the claims asserted by Elite Investors in its Motion to Amend the Complaint, which Motion will be dealt with in a separate Order.

[END OF DOCUMENT]